IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

|  |  |  |
|---|---|---|
| In re: | * | |
| | * | |
| CLAUDE ARNOLD JARRELL, JR. | * | Case No. 09-34268-KLP |
|     Debtor | * | |
| | * | Chapter 13 |
| | * | |
| THE FAUQUIER BANK | * | |
|     Movant, | * | |
| v. | * | |
| | * | |
| CLAUDE ARNOLD JARRELL, JR. | * | |
|     Respondent, | * | |
| and | * | |
| | * | |
| KAREN ELAINE JARRELL | * | |
|     Co-Respondent | * | |
| and | * | |
| | * | |
| CARL M. BATES, | * | |
|     Trustee. | * | |

### NOTICE and AMENDED MOTION FOR RELIEF FROM
### 11 U.S.C. §362 STAY and 11 U.S.C. §1301 CO-DEBTOR STAY

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

### NOTICE TO DEBTOR

If you do not wish the Court to grant the relief sought in this motion, of if you want the Court to consider your views on the motion, then within fourteen (14) days from the date of service of this motion, you or your attorney must file a written response explaining your position with the Court at the following address:

    U.S. Bankruptcy Court
    Attn: Clerk's Office
    701 East Broad Street, Suite 4000
    Richmond, Virginia 23219-1888

Robert Oliveri, Esquire
Law Office of Robert Oliveri, PLC
Virginia State Bar No. 47247
P.O. Box 839, Warrenton, Virginia 20188-0839
703-217-3379
Counsel for The Fauquier Bank

and serve a copy on the Movant's attorney at the address shown below. Unless a written response is filed and served within this fourteen (14) day period, the Court may deem your opposition to this motion waived, treat the motion as conceded, and issue an order granting the requested relief.

You should also attend the preliminary hearing scheduled to be held on **April 23, 2014 at 11:00 a.m. in Courtroom 5100** of the U.S. Bankruptcy Court for the Eastern District of Virginia - Richmond Division, 701 East Broad Street, Richmond, Virginia 23219. Please arrive well in advance of the 11:00 a.m. hearing time in order to allow additional time for finding public parking and being able to get through Courthouse security.

### NOTICE TO CO-RESPONDENT PURSUANT TO 11 U.S.C. § 1301(d)

The Co-Respondent shall have twenty-one (21) days from the date of filing of this Motion for Relief from Stay to file a written objection to the taking of the proposed action. If no objection is filed, relief from the Stay shall be entered against the Co-Respondent.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the twenty-one (21) day period. If you do not file a written response by the deadline shown, the law provides that the stay protecting you from further legal action against you by this creditor will automatically terminate [see 11 U.S.C. §1301(d)].

You should also attend the preliminary hearing scheduled to be held on **April 23, 2014 at 11:00 a.m. in Courtroom 5100** of the U.S. Bankruptcy Court for the Eastern District of Virginia - Richmond Division, 701 East Broad Street, Richmond, Virginia 23219. Please arrive well in advance of the 11:00 a.m. hearing time in order to allow additional time for finding public parking and being able to get through Courthouse security.

### AMENDED MOTION FOR RELIEF FROM
### 11 U.S.C. §362 STAY and 11 U.S.C. §1301 CO-DEBTOR STAY

TO:        CLAUDE ARNOLD JARRELL, JR., Debtor and Respondent
            KAREN ELAINE JARRELL, Co-Respondent
            LAURA TAYLOR ALRIDGE, Debtor's Counsel
            CARL M. BATES, Chapter 13 Trustee

COMES NOW Movant, The Fauquier Bank ("TFB"), by counsel, and for its Motion for Relief from Stay against Claude Jarrell ("Debtor/Respondent") and for Relief from Co-Debtor Stay against Karen Jarrell, ("Co-Respondent"), (collectively, the "Respondents"), states as follows:

        1.        Jurisdiction is based on 28 U.S.C. §1334 as this is a proceeding to

terminate and annul the automatic stay, and is a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2)(G).

2. On July 6, 2009, Debtor/Respondent filed a voluntary, Chapter 13 Petition in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division; Case no. 09-34268-KLP. The Co-Respondent has not filed for bankruptcy protection.

3. On June 17, 2006, the Respondents entered into a Retail Installment Sale Contract – Simple Finance Charge ("Contract") with Champion Auto Sales for the purchase of a 2006 Toyota Highlander with vehicle identification number (VIN) of JTEEW21A460030548 (hereinafter "Vehicle"). A copy of that Contract is attached and marked as "Exhibit A".

4. Champion Auto Sales promptly assigned the Contract and loan to TFB. See "Exhibit A".

5. Said Contract and loan are a consumer debt. As such, the automatic stay for the Debtor's bankruptcy case (09-34268-KLP) extends to the Co-Respondent, her obligations under the Contract, and her interest in the Vehicle. See 11 U.S.C. 1301.

6. TFB holds a valid, perfected, first-priority security interest in the Vehicle as noted on the Certificate of Title issued by the State of Virginia. A copy of the Certificate of Title is attached and marked as "Exhibit B".

7. The Respondents breached the Contract by not making the monthly payments as they came due.

8. At the time Debtor's bankruptcy case (09-34268-KLP) was filed, the Respondents' Contract with TFB had a pre-petition arrearage of $408.85. The Contract currently has a post-petition payment arrearage of $15,493.32 86 plus additional late charges, miscellaneous fees, accrued interest, and attorney's fees which have not been paid. The current payoff on the Contract, as of March 25, 2014, is $21,503.12. The last payment made by the

3

Respondents was in the amount of $451.89 on June 26, 2009.

9. According to Kelley Blue Book, the Vehicle has an approximate mid-retail, current resale value of between $11,663.00[1] and $9,286.00[2], depending on mileage and condition.

10. The Debtor's current Amended Chapter 13 Plan, which was confirmed on June 6, 2012, declared the crammed-down value of the Vehicle to be $12,000, and provided that the Debtor was to pay, under the plan, $216.96 monthly to TFB via 60 monthly payments through his Chapter 13 Trustee.

11. TFB was never paid under the Chapter 13 Plan, as neither TFB, the Debtor nor the Chapter 13 Trustee ever filed a Proof of Claim with respect to the Contract.

12. Though the Debtor will most likely receive a discharge via his Chapter 13 Bankruptcy, the Co-Respondent remains liable to TFB for the debt owed under the Contract.

13. The statute of limitations on the Co-Respondent's portion of the debt arising from the Contract will run in June, 2014.

14. TFB needs the ability to pursue Co-Respondent's interest in the Contract, and, if necessary, the Vehicle in order to protect and enforce its lawful rights.

15. Upon information and belief, the Vehicle is primarily owned and used by Co-Respondent as she is listed as the "Buyer" under the Contract (see "Exhibit A"), and the first named owner on the Certificate of Title (see "Exhibit B").

16. The Debtor has no equity in the Vehicle, and said Vehicle is not, and has not been, necessary to an effective reorganization of the Debtor's estate.

17. The interests of the Movant will be irreparably harmed if it cannot pursue the Co-Respondent and the Vehicle before the statute of limitations runs on the Movant's breach

---

[1] For a Vehicle with 120,000 miles.
[2] For a Vehicle with 160,000 miles.

4

of contract claim against the Co-Respondent.

      18.    Currently, there is no adequate protection of the Movant's interest in the Vehicle under the Debtor's bankruptcy.

WHEREFORE, the Movant by counsel hereby moves for entry of an Order against Debtor/Respondent and Co-Respondent granting the Movant relief from the 11 U.S.C. §362 Stay and the 11 U.S.C. §1301 Co-Debtor Stay so that it may exercise its lawful state court remedies, including repossession and sale of the collateral, to-wit: a 2006 Toyota Highlander with VIN # JTEEW21A460030548, and additionally requests that any further notice hereof be waived pursuant to Bankruptcy Rule 4001(d)(4).

      Respectfully submitted,

      THE FAUQUIER BANK
        by Counsel

LAW OFFICE OF ROBERT OLIVERI

____/s/ Robert Oliveri_____
ROBERT OLIVERI, Esquire
Virginia State Bar No. 47247
P.O. Box 839
Warrenton, Virginia 20188-0839
Tel: 703-217-3379
Counsel for The Fauquier Bank

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2014 a true copy of the foregoing Notice and Amended Motion for Relief from 11 U.S.C. §362 Stay and 11 U.S.C. §1301 Co-Debtor Stay was sent first-class mail with postage prepaid, to:

> Claude Jarrell
> 29483 Raccoon Ford Road
> Burr Hill, Virginia 22433-9998
> Debtor/Respondent
>
> Karen Jarrell
> 29483 Raccoon Ford Road
> Burr Hill, Virginia 22433-9998
> Co-Respondent

and via email to:

> Carl M. Bates
> station01@richchap13.com
> Chapter 13 Trustee
>
> Laura Taylor Alridge
> ecf@bolemanlaw.com
> Counsel for the Debtor

> /s/ Robert Oliveri__
> ROBERT OLIVERI

6

# Exhibit A

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE

| Dealer Number | 2010 | Contract Number | 16296 |
|---|---|---|---|

6-17-12

**Buyer (and Co-Buyer) Name and Address (including County and Zip Code)**
KAREN ELAINE JARRELL
CLAUDE ARNOLD JARRELL JR
4112 CRICKET LANE
BURR HILL ORANGE VA 22433

**Creditor - Seller (Name and Address)**
CHAMPION AUTO STORES INC.
10411 JAMES MONROE HWY
CULPEPER VA 22701

23858.42

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-in-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| NEW | 2006 | TOYOTA TRUCK HIGHLANDER | JTEEW21A460030548 | ☒ personal, family or household<br>☐ business<br>☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $12500.00 |
|---|---|---|---|---|
| 8.99 % | $ 7110.22 | $23876.42 | $ 30986.64 | $ 43486.64 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 430.37 | Monthly beginning 07/17/2006 |

Or As Follows:

**Late Charge.** If payment is not received in full within __7__ days after it is due, you will pay a late charge of __5__% of the part of the payment that is late.
**Prepayment.** If you pay off early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ 1024.55 sales tax) ... $33810.55 (1)
2. Total Downpayment =
   Trade-in 2003 CHEVROLET TRUCK TRAILBLAZER
   (Year)       (Make)           (Model)
   Gross Trade-In Allowance       $12500.00
   Less Pay Off Made By Seller    $ N/A
   Equals Net Trade In            $12500.00
   + Cash                         $ N/A
   + Other                        $ N/A
   (If total downpayment is negative, enter "0" and see 4H below) ... $12500.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ... $21310.55 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):
   A. Cost of Optional Credit Insurance
      Paid to Insurance Company or Companies
      Life          $ 934.87
      Disability    $ N/A        $ 934.87
   B. Vendor's Single Interest Insurance
      Paid to Insurance Company(ies)   $ 18.00
   C. Other Insurance Paid to Insurance Company(ies)  $ N/A
   D. Official Fees Paid to Government Agencies  $ 14.00
      1) to _____ for _____  $ N/A
      2) to _____ for _____  $ N/A
      3) to _____ for _____  $ N/A
   E. Government Taxes Not Included in Cash Price  $ N/A
   F. Government License and/or Registration Fees
                                                    $ N/A
   G. Government Certificate of Title Fees          $ 10.00
   H. Other Charges (Seller must identify who is paid and describe purpose.)
      1) to _____ for Prior Credit or Lease Balance  $ N/A
      2) XTRA CARE to SERVICE CONTRACT               $ 1340.00
      3) CHAMPION A for DOC FEE                       $ 249.00
      4) to _____ for _____  $ N/A
      5) to _____ for _____  $ N/A
      6) to _____ for _____  $
      7) to _____ for _____  $
      8) to _____ for _____  $
   Total Other Charges and Amounts Paid to Others on Your Behalf   $ 2565.87 (4)
5. Amount Financed (3 + 4)  $23876.42 (5)

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
**Optional Credit Insurance**
☒ Credit Life: ☐ Buyer ☐ Co-Buyer ☒ Both
☐ Credit Disability (Buyer Only)

Premium:
Credit Life $ 934.87
Credit Disability $ N/A

Insurance Company Name
LIFE INVESTORS INSURANCE
Home Office Address 1100 JOHNSON FERRY RD
ATLANTA GA 30342-1799

Credit life insurance and credit disability insurance are not required to obtain credit (see back). Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit Disability Insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

N/A    Other Insurance   N/A
☐ _____
Type of Insurance       Term
Premium $ _____
Insurance Company Name
                        N/A
Home Office Address _____

I want the insurance checked above 06/17/2006
Buyer Signature X _____
Co-Buyer Signature X _____  Date

THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE.

**Returned Check Charge:** If any check you give us is dishonored, we may, at our option, charge you $ 35

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ _____ and is also shown in item 4B of the ITEMIZATION OF AMOUNT FINANCED. The coverage is for the initial term of the contract. See Section 7 on the back for more information.

OPTION: ☐ You pay no finance charge if the amount financed, item 5, is paid in full on or before _____, Year _____ SELLER'S INITIALS _____

## NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract, along with all other documents signed by you in connection with the purchase of the vehicle, comprise the entire agreement between you and us affecting this purchase. No oral agreements or understandings are binding. Upon assignment of this contract: (i) only this contract and addenda to this contract comprise the entire agreement between you and the assignee relating to this contract; (ii) any change to this contract must be in writing and the assignee must sign it; and (iii) no oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See back for other important agreements.

## NO LIABILITY INSURANCE INCLUDED

NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.
Buyer Signs X _____ 06/17/2006 Co-Buyer Signs X _____ 06/17/2006
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other owner signs here X _____ Address _____
Seller signs Champion Date 06/17/2006 By X _____ Title F.I.

Seller assigns its interest in this contract to Fauquier Bank (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse  ☒ Assigned without recourse  ☐ Assigned with limited recourse
Seller CHAMPION AUTO STORES INC. By _____ Title _____

FORM NO. 553 VA

ORIGINAL LIENHOLDER

**OTHER IMPORTANT AGREEMENTS**

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure the Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. **Your right to refinance a balloon payment.** A balloon payment is any payment other than a down payment that is more than 10% greater than the regular or recurring installment payments. If you use the vehicle primarily for consumer purposes, you have the right to refinance a balloon payment over an extended period with additional payments. The additional periodic payments will not be more than 10% greater than the regularly scheduled installment payments.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      - The vehicle and all parts or goods put on it;
      - All money or goods received (proceeds) for the vehicle;
      - All insurance, maintenance, service, or other contracts we finance for you; and
      - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits.
      If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      - You pay any payment (plus any late charges) more than 10 days late or not at all;
      - You start a proceeding in bankruptcy or one is started against you or your property; or
      - You break any agreements in this contract.
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as permitted by law.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left over (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. **What we may do about optional insurance, maintenance, service or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   **Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. Any implied warranties arising from a written warranty or service contract are limited to the duration of such written warranty or service contract.**
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Applicable Law**
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

7. **VSI and Optional Insurance**
   Choice of Insurer. If vendor's single interest insurance is required (as indicated on the front), or if you desire optional insurance, such as credit life insurance or credit disability insurance, you have the right to use alternative coverage or to buy insurance elsewhere from the agent or insurer of your choice. You may also buy required physical damage insurance from the agent or insurer of your choice. Your choice of agent or insurer will not affect our decision to extend credit or your credit terms.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. 553-VA Rev. 12/04

# Exhibit B


